NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 5 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FOREST GROVE SCHOOL DISTRICT,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>STUDENT,<br><br>Defendant-Appellant. | No.    14-35552<br><br>D.C. No. 3:12-cv-01837-AC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Submitted November 10, 2016**
Portland, Oregon

Before:  McKEOWN and W. FLETCHER, Circuit Judges, and DORSEY,***
District Judge.

Student appeals the district court's order reversing in part a decision by the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

administrative law judge ("ALJ") related to special education services provided by Forest Grove School District ("the School District") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* The excerpts of record in this case are sealed, so our disposition does not repeat the facts, which are known to the parties. We review for clear error the district court's findings of fact, and we review de novo the appropriateness of an education program. *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1310 (9th Cir. 1987). We affirm.

The IDEA provides federal funding to assist state and local agencies with educating disabled children, but funding is conditioned on compliance with certain goals and procedures. *N.B. v. Hellgate Elementary Sch. Dist. ex rel. Bd. of Dirs.*, 541 F.3d 1202, 1207 (9th Cir. 2008); 20 U.S.C. § 1400. The ultimate goal of the IDEA is to ensure that children with disabilities receive a "free appropriate public education" by providing special education and related services to meet each child's unique needs and prepare each child for the future. 20 U.S.C. § 1400(d)(1)(A).

As a threshold matter, Student challenges the district court's determination that the ALJ's opinion was entitled little deference. We agree with the district court that the ALJ's opinion is entitled to little deference in this instance because it is not "thorough and careful": for example, the ALJ's analysis is dominated by

block quotations from various documents and legal standards; lacks detailed discussion of witness testimony, especially of expert witness testimony; and fails to consider the record as a whole. *See Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994).

School districts must comply with the IDEA's procedural and substantive requirements. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206–07 (1982). When determining whether a school district failed to provide a student with a free appropriate public education, the court must inquire first into whether the district complied with the IDEA's procedural requirements and, then, whether the student's individualized education plan was "reasonably calculated to enable the child to receive educational benefits." *Id.* Student argues that the School District violated her procedural and substantive rights under the IDEA.

To show harm, procedural inadequacies generally must result in the loss of an educational opportunity or seriously infringe the parents' opportunity to participate in the formulation of a student's individualized education plan. *L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 909 (9th Cir. 2008). Even assuming that the School District did not comply strictly with IDEA procedures, Student has

not shown that the failure to provide prior written notice, reevaluate her mental health, conduct age-appropriate transition assessments, or provide progress reports affected her or her parents' substantive rights. The School District also did not commit procedural error when determining Student's class placement, because the record reflects that Student's parents actively participated in the formation of her individualized education plan and that the School District adjusted Student's services at times after input from her parents and others, considered Student's various educational options, and substantiated its decisions with evidence and evaluations. *See K.D. ex rel. C.L. v. Dep't of Educ.*, 665 F.3d 1110, 1123 (9th Cir. 2011); *J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938, 952 (9th Cir. 2009).

Likewise, the School District did not violate Student's substantive rights. A school district provides a free appropriate public education if it: "(1) addresses the child's unique needs, (2) provides adequate support services so the child can take advantage of the educational opportunities, and (3) is in accord with the [child's] individualized education program." *Capistrano Unified Sch. Dist. v. Wartenberg ex rel. Wartenberg*, 59 F.3d 884, 893 (9th Cir. 1995). Notably, an "appropriate" public education need not be the "absolutely best;" it must only provide "a basic floor of opportunity" that is "individually designed to provide individual benefit."

4

*See Gregory K.*, 811 F.2d at 1314 (quoting *Rowley*, 458 U.S. at 197 n.21, 200–01). Even under a higher standard than suggested in *Gregory K.*, Student has not shown that the School District failed to provide her with a free appropriate public education.

Here, Student's individualized education plan contained concrete measurements of Student's progress; Student's May 2009 and April 2010 plans appropriately addressed her anxiety; and Student's supposed lack of progress is not entirely supported by the record and, where it is, did not result in the denial of free appropriate public education. *See id.* Likewise, the School District was not required to conform all of Student's classes to her parents' preferred teaching method. *Id.* To the extent Student's March 2011 and November 2011 transition plans were not based on age-appropriate assessments under 20 U.S.C. § 1414(d)(1)(A)(i)(VIII)(aa), any claimed error did not deny Student a free appropriate public education because the two transition plans were years from Student's graduation date and sufficiently focused on the development of Student's post-secondary skills. *See Gregory K.*, 811 F.2d at 1314. Additionally, Student's class placement appropriately balanced her educational limitations and goals, Student's socialization and other non-academic needs, the effect that Student's

preferred teaching style would have had on other students, and the costs to the School District. *See Sacramento City Unified Sch. Dist., Bd. of Educ. v. Rachel H. ex rel. Holland*, 14 F.3d 1398, 1404 (9th Cir. 1994).

**AFFIRMED.**